## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

**Rafael Marmolyo**
**Michael Williams**
**Andrew Poker**

**On behalf of themselves and**
**all others similarly situated**

    **Plaintiffs**

    **v.**                                             Case No. _____

**Dublin Contractors, Inc.**
**James Holton Sr.**
**Gerald Holton Sr.**

    **Defendants.**

## COMPLAINT

    Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

    1.     This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of Defendant Dublin Contractors, Inc. ("Dublin"), to seek redress for Dublin's failure to pay legally required compensation to the Plaintiffs under the FLSA and Wisconsin law.

### JURISDICTION AND VENUE

    2.     This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3.     This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4.     This Court has personal jurisdiction over the Defendant because the Defendant is based in, and because the vast majority if not all of the alleged violations in the Complaint occurred in this District, given that Dublin performs virtually all if not all of its work within this District.

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

**THE PARTIES**

6.     Plaintiffs are adult residents of the State of Wisconsin who were employed by Dublin during the time period on or after April 5, 2016.  A copy of the FLSA and Wisconsin prevailing wage consents signed by Named Plaintiffs, as well as by four other former Dublin employees are being filed with the Court.

7.     Defendant Dublin is a Wisconsin company with a principal place of business located in Butler, Wisconsin.   Dublin performs commercial and residential painting work throughout Southeastern Wisconsin.

8.     Dublin is an employer within the meaning of Wis. Stat. §109.03(1).  Dublin is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin.   At all relevant times, Dublin has had annual gross volume of business at or above $500,000.

2

9.     Defendants James Holton Sr. and Gerald Holton Sr. are the co-owners of Dublin. As the co-owners of Dublin the Holtons are responsible for setting Dublin's policies and procedures, are ultimately responsible for the hiring, supervision, and firing of Dublin's employees, and are more directly responsible for setting the timing and employee compensation policies at issue in this lawsuit.

## FACTS

10.     Hourly jobsite employees of Dublin would generally report directly to the jobsite in the morning; and would travel from the jobsite directly back home at the end of the day.

11.     Dublin owners and supervisors would send text messages to its employees notifying them when they should report to the jobsite in the morning.  The reporting time is generally 45 minutes after the beginning of an hour, whether it be 6:45 a.m. or 7:45 a.m.

12.     Dublin employees would quit working for the day 30 minutes after the hour, most commonly at 4:30 p.m.

13.     Dublin employees are required to perform work as soon as they report to work in the morning, including unloading trucks, moving equipment and materials, mixing paints, and actual paining work.  Dublin employees are expected to start painting immediately if all preparatory work can be completed in under 15 minutes.

14.     Dublin employees would be admonished and spoken to, and would be considered tardy by Dublin, if they reported to the jobsite 5 or more minutes after the reporting time indicated on the text messages that they receive from Dublin.

15.     Dublin employees would continue to perform work, including cleaning up at the jobsite and loading the truck with equipment and supplies, up to their end time of 4:30 p.m; while

3

foremen on the crew would perform additional work near the end of the shift by calling and making a progress report to Dublin's office.

16.    Plaintiffs would occasionally report to work and begin working a few minutes before their noticed start time, or work for a few minutes past their scheduled quitting time; but would still be paid based on their noticed start times and scheduled quitting times.

17.    Dublin expressly communicated to its employees that during their workdays they would receive two fifteen minute breaks and one lunch of 30 minutes in duration. Dublin employees were not permitted to, and did not take other breaks throughout their workdays, aside from occasional bathroom or water breaks.

18.    Dublin does not keep track of the exact beginning and ending times of its employees' lunch breaks.

19.    Dublin has never communicated to its employees either that they were permitted to take longer than 30 minutes for their lunch breaks; or that it would deduct more than 30 minutes from their work time for their lunch breaks.

20.    Plaintiffs sometimes travelled between jobsites during time periods designated by Dublin as their 15 minutes breaks or 30 minutes meal breaks.

21.    Dublin expressly communicated to its employees that when writing down how many hours they worked on individual days, they should subtract 45 minutes from the total amount of time between their noticed start times and their scheduled quitting times.

22.    Complying with Dublin's instruction, Dublin's employees would subtract 45 minutes from the difference between their noticed start times and scheduled quitting times and write the remaining hours on their timecards as their compensable hours worked for the day.

4

23.    Dublin has communicated to the Plaintiffs that the deduction for 45 minutes includes a deduction of 30 minutes for lunch, as well as a deduction of 15 minutes for other breaks that they take during the day.

24.    Plaintiffs are required to deduct exactly 45 minutes from their worktime whether they took exactly 30 minutes or longer than 30 minutes for their meal breaks.

25.    During the vast majority of the year Dublin's employees would work at least 8 hours per day, and 5-6 days per week.

26.    Dublin permitted its employees to bank their overtime hours worked, so that for those hours worked they were paid at a later time, when compared to when the other hours worked during the same week during which overtime hours were banked were paid.

27.    Dublin has not paid its employees in full, at a rate equal to 1.5 times their hourly rates, for their hours worked that were banked.

## COLLECTIVE ACTION ALLEGATIONS

28.    Named Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated Plaintiffs who were not paid the correct amount of overtime pay because of Dublin's uniform policies of (1) deducting 45 minutes from their workdays even though the unpaid period for their meal breaks was only 30 minutes; and (2) failing to pay all overtime pay earned on the regular pay day when all other compensation earned during the same workweek was paid.

29.    The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b),

5

for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

30.     The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Dublin; and were deprived of overtime pay as a result of Dublin's uniform application of its policies concerning determining its employees' hours worked and computing their overtime pay.

## CLASS ALLEGATIONS

31.     Named Plaintiffs seek to represent a class of all employees of Dublin who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees of Dublin who worked for Dublin on a jobsite on or after April 5, 2017.

32.     The persons in the class identified above are so numerous that joinder of all members is impracticable.  Upon information and belief, Dublin employs thirty or more potential members of the class at any one time, so that 50 or more potential class members have been employed by Dublin during the class period.  Class members who are former employees of Dublin are widely scattered, thus making joinder even more impractical.

33.     There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a).    Whether all times spent by the Plaintiffs during their workdays, other than time spent on their 30 minutes meal breaks, must be counted as time worked;

(b).    Whether Dublin had a policy of treating exactly 30 minutes of its employees' meal breaks as unpaid;

6

(c).     The appropriate remedy for time spent by the Plaintiffs either working at the jobsite, or taking their 15 minute breaks, which Dublin should have but failed to treat as time worked;

(d).     The appropriate remedy for Dublin's failure to pay overtime pay to its employees by the time limitation established by Wis. Stat. §109.03.

34.     Named Plaintiffs' claims are typical of those of the Rule 23 class in that they were all required to deduct 45 minutes from their hours worked daily though they only had 30 minutes deducted from their work time for a meal break daily and were permitted by Dublin to bank their overtime hours worked.

35.     Named Plaintiffs will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

36.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

37.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 36 of the Complaint.

38.     Under the FLSA, all time spent by the Plaintiffs between their required report time and their scheduled end time, aside from their 30 minutes meal break on days when they did not

7

spend a portion of their meal break traveling between jobsites or performing other work, must count as time worked.

39. Dublin therefore violated the FLSA by deducting 45 minutes rather than 30 minutes from the Plaintiffs' daily hours worked, even on days when they did not spend a portion of their meal break traveling between jobsites or performing other work.

40. Because the Plaintiffs usually were paid by Dublin for 40 or more hours worked per week, deducting 30 minutes rather than 45 minutes from their daily hours worked would increase the amount of overtime pay that they are entitled to, so that the Plaintiffs are entitled to all overtime pay they would have received, had Dublin deducted 30 minutes from their daily hours worked on days when they did not spend a portion of their meal break traveling between jobsites or performing other work; and deducted 0 minutes from their daily hours worked on days when they did spend a portion of their meal break traveling between jobsites or performing other work.

42. Dublin additionally violated the FLSA by permitting the Plaintiffs to bank some of their overtime hours worked, so that the banked overtime hours were not paid at the same time as all other hours they worked during the same week.

43. In addition to all additional overtime pay that they should have but did not receive, the Plaintiffs are also entitled to recover liquidated damages on both overtime wages that Dublin failed to pay, and overtime wages that Dublin failed to pay in a timely manner.

44. Since Dublin did not have any, let alone reasonable grounds for believing that its policies of deducting excessive amounts of time from its employees' hours worked and permitting its employees to bank their overtime hours worked complied with the FLSA, the Plaintiffs are also

8

entitled to application of the three years statute of limitations for Dublin's willful violations of the FLSA.

45.     The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Century Fence.

46.     James Holton Sr. and Gerald Holton Sr., in their capacity as the Plaintiffs' employers under the FLSA, should be held jointly and severally liable along with Dublin for all FLSA wages, liquidated damages, and attorneys' fees and costs owed to the Plaintiffs.

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

47.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 46 of the Complaint.

48.     Under Wisconsin law, all time spent by Dublin's employees performing work at the jobsite, engaged to wait at the jobsite, or spent on breaks of less than 30 minutes in duration must be paid.

49.     Dublin therefore violated Wisconsin law by treating 45 minutes rather than 30 minutes as unpaid, on days when its employees had an uninterrupted meal break of at least 30 minutes in duration.

50.     Dublin additionally violated Wisconsin law by treating 45 minutes rather than 0 minutes as unpaid, on days when its employees did not have an uninterrupted meal break of at least 30 minutes in duration because, for example, they traveled between jobsites during their meal breaks.

9

51.    For all time that Dublin should have but failed to treat as time worked, the Plaintiffs are entitled to recover straight time wages computed at their regular rates, plus all overtime wages they are due after all of their work time is counted as time worked.

52.    To the extent the Plaintiffs have not been paid in full for their banked overtime hours worked, at a rate of 1.5 times their regular hourly rate per banked overtime hour within 31 days of when the overtime hours were worked, they are entitled to recover all owed and unpaid overtime wages for said banked overtime hours.

53.    Pursuant to Wis. Stat. §109.03(5), the Named Plaintiffs are entitled to maintain a lawsuit against Dublin for all straight time and overtime wages that they are entitled to but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274.  In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b) on all straight time and overtime wages that remain unpaid at the time of the filing of this lawsuit, along with their reasonable attorneys' fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1.    Finds that Dublin is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2.    Finds that Dublin is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages on all wages that remain unpaid at the time of the filing of this lawsuit, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

10

3.      Grants to the Plaintiffs such other and further relief as the Court deems just and

proper.

Dated this 5th day of April, 2019.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

11

**Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act**

I, _Rafael Warmsly_ hereby consents to participate in the lawsuit against _Dublin Contractors_ ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: _4-4-2019_

Signed: _[signature]_

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, ___Jose M___, hereby consents to participate in the lawsuit against ___Dublin contractor___ ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: ___4/4/19___

Signed: _____

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, _Ramon_____, hereby consents to participate in the lawsuit against _____ ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: _4 . 4 . 19_____

Signed: _____

**Consent to Opt In and**
**Participate as a Named Plaintiff in Suit for**
**Violations of Fair Labor Standards Act**

I, _Rafal Lata_ hereby consents to participate in the lawsuit against _Dublin_ ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: _4-4-19_

Signed: _[signature]_

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Efrain Martin, hereby consents to participate in the lawsuit against Dublin ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 4-4-2019

Signed: _Efrain Martin_

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Michael Williams, hereby consents to participate in the lawsuit against _____ ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 4 | 4 | 19

Signed: _____

**Consent to Opt In and**
**Participate as a Named Plaintiff in Suit for**
**Violations of Fair Labor Standards Act**

I, _Andrew Polcer_ , hereby consents to participate in the lawsuit against _____ ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: _4/4/19_

Signed: _Andrew Polcer_