# SETTLEMENT AGREEMENT

Subject to approval by the United States District Court for the Eastern District of Wisconsin ("Court"), Plaintiffs Rafal Luto, Ramon Marmolejo, Andrew Poker, Jose Marmolejo, Michael Williams, Rafael Marmolejo, and Efrain Martin (collectively, "Plaintiffs") and Defendants Dublin Contractors Inc. (individually, "Dublin"), James Holton, and Gerard Holton (collectively, "Defendants") by and through their respective counsel of record, hereby agree to the following binding settlement ("Settlement Agreement") of the lawsuit entitled *Marmolejo et al. v. Dublin Contractors, Inc., et al,* case no. 19-CV-502, which is currently pending before the Court (the "Lawsuit"). More specifically, Plaintiffs and Defendants (collectively, the "Parties") agree as follows:

1. **Covered Class Members:**

    1.a "Collective Action Class" Member Definition: All hourly, jobsite employees of Dublin who worked for Dublin during the time period between April 8, 2017 and August 11, 2019, excluding seasonal employees identified by Attorneys' Eyes Only designation to Plaintiffs' counsel, who have either filed an opt-in form with the Court, who will have timely filed a claim form with Class Counsel, or whose untimely filing of a claim form with Class Counsel has been excused by the Court. Whether Andrew Poker is a Collective Action Class Member is separately addressed by Article 4 of this Settlement Agreement.

    1.b "Rule 23 Class" Member Definition: All hourly, jobsite employees of Dublin who worked for Dublin during the time period between April 8, 2017 and August 11, 2019, excluding seasonal employees identified by Attorneys' Eyes Only designation to Plaintiffs' counsel, and individuals who timely file an opt-out form.

    1.c Settlement Class Period: The Settlement Class Period shall be from April 8, 2017 through August 11, 2019.

2. **Settlement Consideration:**

    2.a Dublin agrees to pay to members of the Collective Action Class the following consideration: (i) pay at their regular rate for 15 minutes per day for each day worked during the Settlement Class Period; (ii) overtime premium pay equal to ½ of their regular rate for all additional hours over 40 per week worked during the Settlement Class Period once credit is given for an additional 15 minutes worked per day; (iii) overtime pay for the Settlement Class Period computed using the following formula: Foremen bonus received during the week/(total hours paid during the week) x (total hours paid for the week -40), with (total hours paid for the week − 40) converted to zero if it is a negative number; and (iv) additional overtime pay equal to $37.50 per each year the employee received an annual bonus

1

in 2017 or 2018. 2/3 of the amount computed under subparagraph (i) shall be treated as wages from which Dublin shall withhold standard tax deductions and withdrawals and Dublin shall be responsible for an additional amount representing the employer share of Social Security and Medicare Taxes; and 1/3 shall be treated as non-wages from which Dublin shall not withhold any taxes. 1/2 of the amount computed under subparagraph (ii) through (iv) shall be treated as wages from which Dublin shall withhold standard tax deductions and withdrawals and for which Dublin shall be responsible for an additional amount representing the employer share of Social Security and Medicare Taxes; and 1/2 shall be treated as non-wages from which Dublin shall not withhold any taxes.

2.b In computing the amounts outlined in paragraphs 2.(a)(i) and (ii) of the Settlement Agreement, the addition of 15 minutes per day for each day worked during the Settlement Class Period shall cease as of April 1, 2019. In computing the amounts outlined in paragraph 2(a)(iii) of the Settlement Agreement, the weeks included in the calculation shall cease as of August 11, 2019. Further, in computing the amounts outlined in paragraph 2.a(i)-(iii) of the Settlement Agreement, Dublin is allowed a credit for payments that it voluntarily paid to its then current employees on or before August 23, 2019. These credits shall not be counted as settlement consideration, provided Dublin provides to Class Counsel a list showing the amount of the credits claimed, to be broken out by employee, within ten (10) days of the full execution of this Settlement Agreement. The failure to provide the list shall invalidate Dublin's right to claim the credit authorized by this subparagraph. The Parties agree that such a list shall be treated as confidential Attorneys' Eyes Only; and that if the list or any portion thereof is ordered to be filed with the Court the Parties shall in good faith confer as to appropriate redactions to the public version of the filing.

2.c Dublin agree to pay to members of the Rule 23 Class who do not opt out of this settlement the following consideration: (i) overtime pay for the Settlement Class Period computed using the following formula: Foremen bonus received during the week/(total hours paid during the week x 2) x (total hours paid for the week -40), with (total hours paid for the week – 40) converted to zero if it is a negative number; and (ii) annual bonus equal to $25 per each year the employee received an annual bonus in 2017 or 2018. In computing the amounts outlined in paragraph 2(c)(i) of the Settlement Agreement, the weeks included in the calculation shall cease as of August 11, 2019. 2/3 of the settlement amount shall be treated as wages from which Dublin shall withhold standard tax deductions and withdrawals and Dublin shall be responsible for an additional amount representing the employer share of Social Security and Medicare Taxes; and 1/3 shall be treated as non-wages from which Dublin shall not withhold any taxes.

2.d     In the event that after August 23, 2019, Dublin voluntarily pays additional amounts to any of its current or former employees as compensation for their claims during the Settlement Class Period for straight time or overtime pay for an additional unpaid time period of up to 15 minutes per day, or their claims for additional overtime pay because foremen's bonuses or annual bonuses should be included in computing their overtime pay, which at the time of payment were not (yet) required by paragraphs 2.a and 2.c. of this Settlement Agreement, those payments shall be reported to Class Counsel by the date of the signing of this Settlement Agreement or within 7 days of being made, whichever is later; and shall be treated as settlement consideration under this Settlement Agreement. If Dublin breaches this subparagraph of the Settlement Agreement, and if the breach is not discovered until after the Court grants final approval to the Parties' Settlement Agreement, Dublin shall owe attorneys' fees to Class Counsel equal to 1/3 of the amount of payment that it should have but failed to disclose to Class Counsel pursuant to this subparagraph, on top of any other attorneys' fees provided by this Settlement Agreement or authorized by the Court.

2.e     The Parties agree that applying the formulas outlined in paragraph 2.a of the Settlement Agreement but computing damages back to April 8 of 2016, and by adding an additional amount of $100 for unpaid time spent by them traveling between jobsites produces the following total payouts for the Plaintiffs; and that Dublin shall as a part of this settlement pay the following amounts to the Plaintiffs, $3,507.50 for Poker subject to the reservation outlined by paragraph 4 of this Settlement Agreement: $4,037.38 for Rafal Luto, $3,003.00 for Ramon Marmolejo; $5,043.13 for Jose Marmolejo, $2,393.00 for Michael Williams, $2,360 for Rafael Marmolejo, and $2,525.37 for Efrain Martin. 58.5% of all payments shall be treated as wages from which Dublin shall withhold taxes and for which Dublin shall be responsible for additional employer share of Social Security and Medicare taxes, and 41.5% of all payments shall be treated as non-wages from which Dublin shall not withhold any taxes.

2.f     Dublin agrees to pay to the Plaintiffs total attorneys' fees and costs of $15,400. Class Counsel shall have the right to petition the Court to recover additional attorneys' fees and costs from the amounts outlined by paragraphs 2.a, 2.c. 2.d, and 2.e of this Settlement Agreement, up to 1/3 of the total amount recovered through this Settlement Agreement net of advanced costs. If the Court allows total attorneys' fees and costs of less than $15,400, any amounts not allowed shall be distributed proportionally to members of the Collective Action and Rule 23 classes excluding the Plaintiffs who have signed this Settlement Agreement.

2.g     Dublin agrees to not issue a Form 1099 for non-wage payments to members of the Collective Action and Rule 23 Classes that are under $600.

2.h    Any amounts that are not claimed by members of the Collective Action and Rule 23 Classes within 120 days of the mailing of the final payments to their intended recipients shall be disposed of by a check made payable and delivered to the Milwaukee Rescue Mission.

3. **Opposition to Attorneys' fees, costs, and Class Representative Enhancement Payment**: So long as class counsel does not petition the Court for attorneys' fees and costs above those outlined in paragraph 2 of this Settlement Agreement, the Defendants shall not oppose the requests.

4. **If Andrew Poker Cannot be Located to Sign Settlement Agreement**: In the event within 10 days of the signing of this Agreement by the remaining Plaintiffs Andrew Poker cannot be located to sign the Settlement Agreement, this Settlement Agreement shall be considered fully executed so long as it is signed by the remaining Plaintiffs and Defendants. Once this provision is triggered Poker shall no longer be entitled to the payment listed in paragraph 2.e of this Settlement Agreement. Instead, Poker shall be entitled to the same notice procedures, and be eligible for the same payments, as all other hourly jobsite employees of Dublin who worked for Dublin during the Settlement Class Period.

5. **Preliminary Approval:**

   5.a.i.   The Parties agree to submit a joint motion to the Court seeking preliminary approval of their Settlement Agreement, collective and Rule 23 class certification, and Court approval of the proposed class notice, claim form, and opt-out form.

   5.a.ii   If the Court does not grant preliminary or final approval of the Settlement, then this Settlement Agreement will become null and void, and the Parties shall be returned to the positions they occupied immediately prior to the execution of this Settlement Agreement, unless the Court's decision to deny preliminary or final approval of the Settlement is overturned on appeal.

6. **Notice Procedure**: If the Court grants preliminary approval to this Settlement Agreement, each hourly jobsite employee of Dublin who worked for Dublin within the Settlement Class Period, other than the Plaintiffs who have signed this Settlement Agreement, shall receive the Court approved notice. Each Class Member shall be given an opportunity to file a claim form, opt out of, or object to the settlement.

   6.a    Notice Packet: The Parties will jointly draft a Notice of Pendency of Class Action Settlement ("Notice"), Claim Form, and Opt-Out Form, and submit them to the Court for approval. The agreed upon notice and forms will be attached as exhibits 2-4 to this Settlement Agreement. The Notice will include, non-exclusively, information regarding the nature of the Lawsuit; a summary of the substance of the Settlement Agreement's terms; the Collective Action Class and Rule 23 Class definitions; the procedure for submitting claim forms, the procedure for submitting opt-out forms; the

procedure for objecting to the Settlement; the date for the final approval hearing; and the formulas used to compute individual settlement payments to participating Collective Action Class and Rule 23 Class members.

6.b. Class List: Within five business days of the Court's decision granting preliminary approval to the Settlement Agreement and authorizing notice, Dublin shall provide to Class Counsel a list of the names and addresses of all hourly jobsite employees who worked for Dublin during the Settlement Class Period, other than Plaintiffs who signed this Settlement Agreement ("Class List"). The Class List shall be designated confidential Attorneys' Eyes Only, used by Class Counsel for the sole purpose of facilitating notice to the Class; and shall not either be used for any other purpose, nor disclosed to anyone other than Class Counsel. If it becomes necessary to file any portion of the Class List with the Court, the Parties shall in good faith confer as to appropriate redactions to the public version of the filing.

6.c. Mailing of Notice Packet: Class Counsel shall mail the Notice Packet to all employees included in the class list, other than Plaintiffs who signed this Settlement Agreement, within 10 business days of receipt of the class list; except that mailing may occur on the earliest possible date, but more than 10 business days after receipt of the class list, so that the 30th day after the mailing of the Notice Packets will be a day that the post offices will be open.

6.d. Filing of Claim Form: No later than 30 calendar days after the Notice is Mailed, the Notice recipient may fill-out and submit a Claim Form to Class Counsel. A Claim Form shall be considered timely if its post-mark date is within 30 days of the Notice's mailing date. A completed Claim Form must be signed; and must include the name, address, and last four digits of the social security number of the claimant.

6.e. Opting Out: No later than 30 calendar days after the Notice is Mailed, the Notice recipient may fill-out and submit an Opt-Out Form to Class Counsel. An Opt-Out Form shall be considered timely if its post-mark date is within 30 days of the Notice's mailing date. A completed Opt-Out Form must be signed; and must include the name, address, and last four digits of the social security number of the person opting out.

6.f. Objections: To object to the Settlement Agreement, the objection must be filed with the Court and served on all Parties, with the copy filed with the Court post-marked not later than 30 calendar days after the Notice is mailed. Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number, (b) a written statement of all grounds for the objection accompanied by any legal support for such objection; (c) copies of any papers, briefs, or other documents upon which the objection is based; (d) a list of all persons who will be called to testify in support of the objection; (e) a statement whether the objector intends to appear at the Fairness Hearing; and (f) a list of all

5

cases in which the objector and/or his or her counsel has filed objections to a class action settlement in the preceding five (5) years. Any Class Member who does not file a timely written objection to the Settlement Agreement, or who fails to otherwise comply with the requirements of this section, shall be foreclosed from objecting to the Settlement Agreement and seeking any adjudication or review of the Settlement Agreement, by appeal or otherwise.

    6.g    Restriction on Communications with Class Members: Neither the Plaintiffs nor Defendants, by themselves or through their agents, supervisors, and employees, shall encourage or discourage class members from submitting claim forms and opt-out forms. This provision does not bar Class Counsel from either answering putative class members' questions about the settlement, or contacting putative class members about incompletely filled out claim forms and opt-out forms. This provision also does not bar Defendants from discussing work assignments, scheduling, pay practices, and timekeeping with its current employees.

**7. Exchange of Claim Forms, Opt-out Forms, and Verification:** Within 10 days of the expiration of the 30 days for class members to file claim forms, opt out of, and object to the settlement, Class Counsel shall provide to Dublin a copy of all received claim forms and opt-out forms. Class Counsel shall also provide to Dublin all later received claim forms and opt-out forms within a reasonable time period after receipt.

    7.a.    Within 14 days of the receipt of the claim forms and opt-out forms, Dublin shall produce and provide to Class Counsel a chart showing the total pay-out to each member of the Collective and Class actions, as well as all direct payments to each current or former employee described by paragraph 2.d of this Settlement Agreement. The chart shall also show all credits taken as authorized by paragraph 2.b. of this Settlement Agreement.

    7.b.    Within five days of receipt of the pay-out chart described in paragraph 7.a., Class Counsel shall provide to Dublin three numbers between 0 and 9.

    7.c.    Dublin shall identify all employees whose final digit of the social security number corresponds to the first number provided by Class Counsel, then if necessary all employees whose final digit of the social security number corresponds to the second number provided by Class Counsel, and then if necessary all employees whose final digit of the social security number corresponds to the third number provided by Class Counsel, until a sample representing 10% of the combined Collective Action and Rule 23 Classes is generated.

    7.d.    Dublin shall then provide to Class Counsel the time records, and either a check summary or check stubs for each and every member of the sample generated by paragraph 7.c. of this Agreement, for the Settlement Class Period, within 14 days of receipt of the three numbers from Class Counsel

pursuant to paragraph 7.b. of this Agreement. All records not pertaining to any of the Plaintiffs shall be designated confidential Attorneys' Eyes Only.

7.e. If following review, Class Counsel believes Dublin did not correctly compute class members' payouts using the formulas outlined by Paragraph 2 of this Settlement Agreement, the Parties shall confer in good faith to resolve the issue. Any disputes over calculation that the parties cannot resolve may be brought to the Court's attention for resolution.

7.f. All records produced by Dublin to Class Counsel pursuant to paragraph 7.d of this Agreement shall not either be used by Class Counsel for any purpose other than verifying Dublin's calculations of class members' payouts, nor shall be shared with anyone other than Class Counsel. In the event any such records are to be filed with the Court, the Parties shall in good faith confer as to appropriate redactions to the public version of the filing.

8. **Distribution to Class Members, Plaintiff, and Class Counsel**: Dublin shall mail all attorneys' fees, costs, and Plaintiffs' settlement checks to Class Counsel; and mail all payments to members of the Collective Action and Rule 23 Class no later than 10 calendar days following the last day on which to appeal an order granting final approval of the Joint Stipulation of Class Action Settlement if timely objections are filed but no actual appeals are filed, no later than 10 calendar days following the final resolution of any appeals that are filed; or no later than 10 calendar days following the date upon which the Court enters an order granting final approval of this Settlement Agreement if no timely objections were filed, whichever date is earliest.

9. **Release of Claims**: Provided the Court grants final approval to this Settlement Agreement and Dublin makes all payments required by paragraph 8 of this Agreement, and provided all other requirements imposed by applicable law have been satisfied:

9.a. Release by Plaintiffs who signed this Settlement Agreement: Plaintiffs who signed this Settlement Agreement shall release all claims for straight time pay, overtime pay, liquidated damages, attorneys' fees and costs from any and all of the Defendants, their successors and assigns or other officers, supervisors and employees employed by Dublin, under both the Fair Labor Standards Act and Wisconsin law, for the time period between the beginning of time and the date of the full execution of this Settlement Agreement.

9.b. Release by Other Members of the Collective Action Class: Members of the Collective Action Class other than the Plaintiffs who signed this Settlement Agreement shall release all claims for straight time pay, overtime pay, liquidated damages, attorneys' fees and costs from any and all of the Defendants, their successors and assigns or other officers, supervisors, and employees employed by Dublin, under both the Fair Labor Standards Act and Wisconsin law, for the time period between the beginning of time and the date of the full execution of this Settlement Agreement.

9.c.    Release by Other Members of the Rule 23 Class: Members of the Rule 23 Class who did not timely opt out of this settlement shall release all claims for straight time pay, overtime pay, liquidated damages, attorneys' fees and costs from any and all of the Defendants, or other officers, supervisors, and employees employed by Dublin, their successors and assigns, under Wisconsin law, for the time period between the beginning of time and the date of the full execution of this Settlement Agreement.

10.    **Fair, Adequate, and Reasonable Settlement**: The Parties agree that the Settlement Agreement is fair and reasonable and will so represent to the Court.

11.    **Waiver of Appeals**: The Parties agree to waive appeals and to stipulate to collective and class certification for purposes of implementing this Settlement Agreement only; provided, however, that Class Counsel may appeal any reduction in the attorneys' fees, class representative enhancement payments, costs, and expenses award.

12.    **No Admission**: Defendants by this Settlement Agreement do not admit any liability or admit that class or collective certification is appropriate, other than for settlement purposes.

13.    **Dismissal of the Action**: The Parties agree that the Lawsuit will be dismissed in its entirety, with prejudice, after final approval is granted, except that the Court shall retain jurisdiction for the purpose of implementing the Settlement and post-judgment issues.

14.    **Execution in Counterparts and Facsimile Signatures.** This Agreement may be executed in one or more counterparts, as such counterparts shall constitute one binding agreement on all Parties hereto. Further, transmittal and receipt of a facsimile copy of this Agreement with the facsimile signatures shall be binding on the Parties hereto, with the original executed Agreement to be delivered via United States mail.

Dated this 8th day of April, 2020.

_____
Rafel Luto

_____
Ramon Marmolejo

_____
Jose Marmolejo

_____
Michael Williams

_____
Rafel Marmolejo

8

*[signature]*
Efrain Martin

_____
Andrew Poker

Dated this ___th day of December, 2019.

_____
James Holton
Dublin Contractors, Inc.

_____
James Holton

_____
Gerard Holton

41293184.1

9

_____
Efrain Martin

_____
Andrew Poker

Dated this ___th day of December, 2019.

_____
James Holton
Dublin Contractors, Inc.

_____
James Holton

_____
Gerard Holton

41293184.1

9

*[signature]* Efrain Martin

*[signature]* Andrew Poker

Dated this ___th day of December, 2019. *[handwritten: 28th]*

*[handwritten: Dated this 28th Day of April 2020]*

*[signature]* James Holton
Dublin Contractors, Inc.

*[signature]* James Holton

*[signature]* Gerard Holton

41293184.1