UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE MARMOLEJO, ANDREW POKER,
MICHAEL WILLIAMS, EFRAIN MARTIN,
RAMON MARMOLEJO, RAFAEL MARMOLEJO
and RAFAL LUTO,

On behalf of themselves and
all others similarly situated,
         Plaintiffs,
  v.                                      Case No. 19-CV-502

DUBLIN CONTRACTORS, INC., JAMES
HOLTON, SR., and GERALD HOLTON, SR.,
         Defendants.

---

## DECISION AND ORDER

The parties reached a settlement of this FLSA and state law case, which I preliminarily approved on May 15, appointing the Previant Law Firm as class and collection action counsel ("Class Counsel"). ECF No. 40. On September 2, the parties moved for final approval of the settlement, which provides for payments from Defendants totaling $56,599.77, of which $15,400 is to be paid to Class Counsel for fees and costs.[1] ECF No. 42; ECF No. 43 at 2. *See also* ECF No. 44-1; ECF No. 35-1, ¶ 2(f). No written objections to the settlement have been filed with the Court, nor were any objections made at the fairness hearing held on September 16. ECF No. 43 at 2; ECF No. 58.

Class Counsel has also petitioned for additional fees. Specifically, Class Counsel's motion requests attorneys' fees of $21,911.83 and costs of $692.14, for a total of $22,603.97. ECF No. 45 at 1. Class Counsel appears to have modified this request in a supplemental briefing, adjusting the requested fees to $18,635.89 plus costs. *See* ECF

---

[1] Specifically, $14,707.86 is designated for attorney's fees, while $692.14 is for costs.

No. 59 at 2-3. To account for this increase, Class Counsel proposes that fees be raised for eleven particular members of the class. Dublin made voluntary payments to these eleven in August 2019, all of whom were Dublin employees at the time. Although these payments are not reflected in the settlement, these members should pay a higher rate because they would not have received this extra money without Class Counsel's efforts. *See* ECF Nos. 46, 55, 59 & 59-1. Eight of the eleven affected class members objected, as did Defendants. *See* ECF Nos. 48–54, 56–58 & 60.

## I. DISCUSSION

### A. Final Settlement Approval

In order to determine whether a settlement is fair, adequate, and reasonable, courts consider factors including the strength of the plaintiffs' case balanced against the settlement offer, the burdens of further litigation, the amount of opposition to the settlement, the opinion of competent counsel, and the amount of discovery that has been completed. *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). *See also Binissia v. ABM Indus., Inc.*, 2017 WL 4180289, at *3 (N.D. Ill. Sept. 21, 2017) ("Courts routinely approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes.").

I granted preliminary approval on May 15. Since then, no objections as to the settlement were submitted to the Court in writing or registered at the September 16 fairness hearing. Class Counsel is experienced in cases of this kind and assures that this is a "reasonable compromise resolution" of the claims raised in the complaint. *See* ECF No. 37, ¶¶ 12-13. *See also Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir. 1982) (courts are "entitled to rely heavily on the opinion of competent counsel"). Further, this agreement was reached through arm's-length bargaining and clearly involved no collusion.

I also find that the strength of the case versus the burdens of further litigation factor weighs substantially in favor of approval. Class members receive full relief in exchange for excepting liquidated damages and application of a two-year statute of limitations instead of a three-year period. This is a fair compromise on the fifteen-minutes issue for class members who receive compensation without painstaking litigation over which employees showed up at what time for each individual shift over a lengthy period. Avoiding drawn-out litigation is in the interest of all parties. *See*, *e.g.*, *Woods v. Club Cabaret, Inc.*, 2017 WL 4054523, at *7 (C.D. Ill. May 17, 2017) ("Wage and hour trials are complex, expensive, and unpredictable."); ECF No. 36 at 15 ("Further litigation would be a substantial burden for both the named Plaintiffs and Defendants…"). The parties' agreement as to bonuses is also reasonable, representing a halfway compromise on an arguable legal issue. Prompt and certain payment is also advantageous in this time of economic uncertainty. *See In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) ("Even if Plaintiffs were to succeed on the merits at some future date, a future victory is not as valuable as a present victory. Continued litigation carries with it a decrease in the time value of money…"). On the other side, Defendants are able to resolve this matter and return focus to operating their business, as final approval should be the last step where the parties have agreed to waive all appeals except for any reduction in attorney's fees (which I will not do). *See* ECF No. 35-1, ¶ 11. The settlement is fair, reasonable, and in both parties' interests.

**B. Petition for Additional Fees**

On the issue of fees, I agree with the objectors and the Defendants; based on the circumstances, an increased fee is inappropriate. My primary concern is with fair notice to the eleven affected class members. Class Counsel's proposal is that these eleven pay

one-half of their settlement share towards fees based on the voluntary payouts made to them by Dublin in August 2019. *See* ECF No. 59-1; ECF No. 47-5 (letter to eleven affected class members re: fees petition). In the Court-approved notice, however, potential class members were informed that only one-third of the total recovery through the settlement would be subject to attorney's fees. *See* ECF No. 35-2 at 3, § 4 ("Class Counsel will have the right to petition for additional attorneys' fees so that total attorneys' fees equal one-third (1/3) of the total recovery through the settlement excluding recovered costs."). A reasonable class member would understand this to mean that, at most, only one-third of their settlement share could be subject to fees, not that one-third of the total pot could be met by unevenly allocating fees-shares to particular class members. If notice had been provided to these eleven members that their individual shares of attorney's fees would be higher, they may have elected to opt out and pursue their claims separately, or oppose the settlement entirely. *See* Newberg on Class Actions § 8:22 (5th ed.) ("[F]ee notice plays an important role in class members' capacity to evaluate the fairness of the settlement itself."). *See also* ECF Nos. 49 & 53.

I also note that there is no clear authority for the proposition that Class Counsel is entitled to a share of money paid to individuals who were not yet class members (and would not be for nearly a year) and where no class had been certified yet. *See*, *e.g.*, *Fast v. Cash Depot, Ltd.*, 931 F.3d 636, 640 (7th Cir. 2019). *See also* Newberg on Class Actions § 9:8 (5th ed.) ("[C]lass counsel and class members enjoy a full attorney-client relationship with one another *following class certification*.") (emphasis added). It would also be inappropriate to re-allocate settlement money specifically for the August 2019 payouts where the agreement expressly provides that those voluntary payouts are not considered part of the settlement. *See* ECF No. 35-1, ¶ 2(b) ("[I]n computing the amounts

4

outlined in paragraph 2.a(i)-(iii) of the Settlement Agreement, Dublin is allowed a credit for payments that it voluntarily paid to its then current employees on or before August 23, 2019. *These credits shall not be counted as settlement consideration…*") (emphasis added).

Further, I am not inclined to cut into class members' shares or otherwise compel Defendants to pay an increased amount in fees, to the extent that Class Counsel's motion requests as much, where the agreed-upon amount is appropriate. Defendants were willing to settle very early on, reducing the risk in prosecuting this action. Also, as Defendants note, a significant amount of time was spent litigating over the settlement's terms when the parties simply had not yet reached a binding agreement. *See* ECF Nos. 34, 47-2 & 57. The parties' agreement provides Class Counsel an amount commensurate to the work done in this case. The settlement as jointly proposed, *see* ECF Nos. 42, 43 & 44, is approved.[2]

## C. Dismissal of Action & Implementing Settlement

Finally, I note that the settlement provides that this case "will be dismissed in its entirety, with prejudice, after final approval is granted, except that the Court shall retain jurisdiction for the purpose of implementing the Settlement and post-judgment issues." ECF No. 35-1, ¶ 13. However, "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the

---

[2] Class Counsel's motion also requests an incentive award for the class representatives. *See* ECF No. 46 at 8 ("[Class Counsel moves] the Court to award to these class members exceedingly modest class representative incentive awards, ranging in amount from $225 to $480.80, so that they each receive the full amounts allocated to them by the settlement agreement."). Based on the submissions, it is not clear how the class representatives are not already receiving the "full amounts allocated to them." It is also unclear if this extra incentive money would be paid by Defendants, thereby raising the amount they owe, *see* ECF No. 35-1, ¶¶ 2(e), 3, or if this is to be borne by non-named class members, who do not appear to have been given notice of such a possible reduction in their shares. *See* ECF Nos. 35-2 & 47-5. The named representatives already appear to receive more favorable terms than the other class members, anyway. *See* ECF No. 47, ¶ 7. Accordingly, the request for incentives is also denied.

5
Case 2:19-cv-00502-LA   Filed 09/30/20   Page 5 of 6   Document 61

parties' settlement that led to the dismissal with prejudice." *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006). Because approval of this settlement results in a dismissal with prejudice, I am unable to retain jurisdiction for any "post-judgment" issue(s). The remedy for any noncompliance with the settlement would be a separate breach of contract action.

## II. CONCLUSION

**THEREFORE, IT IS ORDERED** that the Parties' Joint Motion for Final Settlement Approval (ECF No. 42) is **GRANTED**. The Settlement is hereby **APPROVED**. In accordance with the Settlement's terms, this case is **DISMISSED with prejudice**. The Clerk of Court shall enter final judgment.

**IT IS FURTHER ORDERED** that Class Counsel's motion for additional fees and class representative incentive awards (ECF No. 45) is **DENIED**. Class Counsel is entitled to fees and costs in the amount provided for by the Settlement's terms.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2020.

                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge